UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America

      v.                                    1:25-MJ-01421-MJK

Luke Marshal Wenke,

      Defendant.

Victoria W. Bahl, Esq., attorney for Defendant
Sean C. Eldridge, Esq., Asst. U.S. attorney for the Government

## MEMORANDUM DECISION AND ORDER

Currently before the Court is Wenke's motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)(2). Wenke argues that "cyberstalking (18 U.S.C. § 2261A(2)(B)) is not, categorically, a crime of violence under the residual clause and, as a result, fails to satisfy section 3142(f)(1)(A)." (Dkt. 16, pg. 3).[1]

## I.    LEGAL STANDARD

A detention hearing under 18 U.S.C. § 3142(f) "may" be reopened if the Court finds that (1) "information exists that was not known to the movant at the time of the hearing" and (2) that information "has a material bearing on the issue whether there are conditions of release

---

[1] All page references are to the CM/ECF pagination system.

that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). A court is not obligated to open a detention hearing if it determines that the new information does not materially affect the detention decision. *See United States v. Havens*, 487 F. Supp. 2d 335, 339 (W.D.N.Y. 2007) (electing not to reopen a detention hearing because the new information would not have changed the court's decision to detain the defendant until trial). As the movant, Wenke bears the burden of establishing both elements. Nevertheless, the statute "leaves the decision to reopen a hearing to the sound discretion of the district court." *United States v. Zhang*, 55 F.4th 141, 148 (2d Cir. 2022) (citation omitted).[2]

In addition to the statutory authority created under 18 U.S.C. § 3142(f), the Court also has the inherent authority to reconsider a detention decision. *See United States v. Rowe*, No. 02-CR-756, 2003 WL 21196846, *1 (S.D.N.Y. May 21, 2003) (noting that "a release order may be reconsidered even where the evidence proffered on reconsideration

---

[2] This paragraph as well as the following paragraph are adopted from the decision in *United States v. Singletary*, No. 22-CR-477-1 (GTS). 2026 WL 366606, at *1 (N.D.N.Y. Feb. 10, 2026).

was known to the movant at the time of the original hearing"); *see also*

*United States v. Petrov*, No. 15-CR-66, 2015 WL 11022886, *3 (S.D.N.Y.

Mar. 26, 2015) (noting the "Court's inherent authority for

reconsideration of the Court's previous bail decision"); *United States v.*

*Maxwell*, 527 F. Supp. 3d 659, 663-64 (S.D.N.Y. 2021) (under the

Court's inherent authority, reconsidering its own bail decision based on

defendant's argument that new conditions would vitiate any concerns

regarding flight risk).

The Bail Reform Act ("Act") provides that a court must hold a

detention hearing under 18 U.S.C. § 3142(f)(1)(A) where the

government proves by a preponderance of the evidence that, among

other bases, the case involves "a crime of violence." For purposes of the

Act, a "crime of violence" is defined as:

1. an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

2. any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 3156(a)(4)(A)-(B).

When the government invokes the Act's "crime of violence" provision, courts must apply the "categorical approach" to determine whether Section 2261A is a crime of violence for purposes of 18 U.S.C. § 3142(f)(1)(A). *See United States v. Watkins*, 940 F.3d 152, 162-63 (2d Cir. 2019). In applying the categorical approach, courts identify the criminal conduct necessary to result in a conviction by focusing on statutory elements of the offense as opposed to conduct alleged in a particular case. *See Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013); *see also Scott v. United States,* 2025 WL 1126627 (S.D.N.Y. Apr. 16, 2025).

## II.    DISCUSSION

### A. Wenke's Motion

Wenke argues that before the Government is entitled to seek his detention, it must establish by a preponderance of the evidence that cyberstalking under 18 U.S.C.  2261A(2)(B) has as an element "the use, attempted use, or threatened use of physical force" or that it "involves a substantial risk [of] physical force." 18 U.S.C. §  3156(a)(4)(A)-(B).

In support of his motion, Wenke relies on *United States v. Mangione*, No. 25-CR-00176, 2026 WL 251490 (S.D.N.Y. Jan. 30, 2026). The Court in *Mangione* applied the categorical analysis of Section

2261A(2)(B), concluding that cyberstalking is not a crime of violence because "a defendant could complete the charged … Cyberstalking offense[s] through only reckless conduct that falls short of the legal definition of 'use of force against the person or property of another.'" *Mangione,* 2026 WL 251490, at \*15. The *Mangione* court further opined that Section 2261A(2)(B) did not qualify as a crime of violence because it could be accomplished through threats of self-harm. *See id,* at \*17.

### B. Government's Response

In opposition to *Wenke's* motion, the Government makes two arguments. First, the Government asserts that the *Mangione* decision is not applicable because it does not address the Bail Reform Act and the words "bail" or "detention" are nowhere to be found in the decision. (Dkt. 18, pg. 3). Second, the Government argues that even if Wenke is correct that cyberstalking is not a "crime of violence," he is still not entitled to reopen the detention hearing because the Government also obtained the detention hearing under 18 U.S.C. §§ 3142(f)(2)(A) and 3142(f)(2)(B).

Regarding its first argument, the Government relies on *United States v. Harrison*, 354 F.Supp. 3d 270 (W.D.N.Y. 2018). There, the

Court held that "cyberstalking in violation of 18 U.S.C. § 2261A(2) categorically involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, so that pretrial detention is available pursuant to 18 U.S.C. § 3142(f)(1)(A) to address pretrial dangers posed by release of a defendant pending trial." *Harrison*, 354 F. Supp. 3d at 278.[3]

As to its second argument, the Government argues that even if Wenke is correct that cyberstalking does not constitute a "crime of violence," his motion to reopen the detention hearing should nevertheless be denied because it also sought detention under §§ 3142(f)(2)(A) and 3142(f)(2)(B) which Defendant did not contest. According to the Government, detention under §§ 3142(f)(2)(A) and 3142(f)(2)(B) "trigger the exact same hearing that was already had" after which the Court "must conduct the exact same analysis under § 3142(g)." (Dkt. 18, pgs. 8-9). And because the Court already concluded that the § 3142(g) factors warranted Wenke's detention, the

_____

[3] The Government also cites to cases from other jurisdictions standing  for the same proposition.

Government argues that Wenke's motion offers nothing new that should alter that conclusion. Dkt. 18, pg. 9).

### C.   Wenke's Reply

Wenke's reply asserts that the cases cited by the Government "do not sufficiently address how 18 U.S.C. § 2261A criminalizes a wide range of nonviolent conduct including speech and self-harm" and that they "leave room for [the] Court to conclude that the offense is not categorically a crime of violence under the Bail Reform Act." (Dkt. 19, pg. 2).

Further, and in response to the Government's argument that the Court need not "break any new ground to find that cyberstalking . . . is a crime of violence under the Bail Reform Act" (Dkt. 18, pg. 6), Wenke counters that "the ground can shift over time and this Court can and should consider whether it believes 18 U.S.C. § 2261A(2)(B) categorically qualifies as [a] crime of violence for purposes of the Bail Reform Act, and if so, whether than labeling influences its decision to reject release conditions." (Dkt. 19, pg. 2).

### D.    Analysis

The Court finds that the Wenke has failed to meet his burden to show that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2). The Court does not need to reach the issue of whether the decision in *Mangione* provides a sufficient basis to reconsider the precedent under the Bail Reform Act that addresses the definition of a "crime of violence" because the Government also moved for detention under 18 U.S.C. § 3142(f)(2)(A) and (f)(2)(B) (Dkt. 18) and Wenke does not challenge this assertion. *See* (generally Dkt. 19, Reply To Government Response). Accordingly, the non-precedential decision in *Mangione* is not material to the Court's decision whether to reopen the detention hearing  under the Bail Reform Act.

Without directly addressing the Government's argument that there were other bases for the Court to find that a bail hearing was warranted, Wenke argues that the "crime of violence" issue "has a

8

ripple effect through the hearing arguments and into the Court's ultimate conclusion" (Dkt. 19). The Court disagrees. The Government's proffer in support of its motion to detain contained ample evidence to support the Court's conclusion that there was no condition or combination of conditions that would mitigate the risk of danger posed by Wenke. In consequence, the Court's Order of Detention contains several factual findings based on the Government's proffer that are independent of the finding that the instant offense is a "crime of violence." Dkt. 11.

At bottom, as the Government's motion for detention was not based solely upon the finding that the instant offense is a "crime of violence," Wenke's motion is respectfully denied.

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED**, that Wenke's motion to reopen the detention hearing under 18 U.S.C. § 3142(f)(2) is **DENIED.**


Dated: April 20, 2026.

Digitally signed by
Mitchell J Katz
Date: 2026.04.20
13:34:43 -04'00'

Hon. Mitchell J. Katz
U.S. Magistrate Judge

9